FILED
SUPERIOR COURT
OF GUAM

2014 OCT 16 PM 4: 37

CLERK OF COURT
BY:_____

# IN THE SUPERIOR COURT
# OF GUAM

| | | |
|---|---|---|
| KEITH BRIAN CARTER, | ) | Domestic Case no. DM 0173-12 |
| Plaintiff, | ) | |
| v. | ) | **DECISION AND ORDER** |
| GLENDA OROT CARTER, | ) | |
| Defendant. | ) | |

This matter is before the Honorable Judge Michael J. Bordallo. Pursuant to Rule 7.1 of the Local Rules of the Superior Court of Guam, Plaintiff's motion to modify custody was taken under advisement on October 4, 2014. Plaintiff was represented by attorney Anthony C. Perez. The Defendant was represented by attorney Daniel S. Somerfleck. Having considered the arguments, evidences and file herein, the Court hereby enters an order granting in part Plaintiff's motion.

## BACKGROUND

On January 27, 2014, the Court entered and interlocutory judgment of divorce and final decree of divorce. The decree granted the parties' a divorce on the grounds of irreconcilable differences and ordered compliance with the stipulated judgment of custody. It reserved its determination of the appropriate division of the parties' assets until a hearing upon the issues of extreme cruelty or adultery. The parties' stipulated judgment of custody awarded each parent joint legal and joint physical custody of the parties' two minor children, H.C. (DOB: 11-07-03)

and K.C. (DOB: 10-22-08) and provided that Plaintiff would pay Defendant $1,300.00 each month for child support.

On August 29, 2014, Plaintiff filed a motion to modify custody and child support. Mot. at 1. In it he requests that he be awarded the sole legal and physical custody of the minor children. *Id.* In support of this request he asserts that Defendant has been charged in Superior Court of Guam Criminal Case No. CM 0650-14, with four counts of Family Violence, as a Misdemeanor. The alleged acts were committed against the children while Defendant was physically disciplining them for misbehaving. Defendant was issued a no contact order, prohibiting her from contacting the children and Plaintiff has been their sole caregiver since August 16, 2014.

Defendant did not file a paper in opposition to Plaintiffs request.

## DISCUSSION

Section 8404 of Title 19 of the Guam Code governs and establishes the appropriate standard to be considered in custody re-determinations in the Territory of Guam. 19 GCA § 8404 (2013). The statute gives the Court broad discretion in its determination of custody arrangements for a minor child. *Id.* Subsection (f) provides that "Any custody award shall be subject to modification or change whenever the best interests of the child require or justify such modification or change . . . ." *Id* at (f).

When determining the custody of a minor child, the court must take into account:

> (h) legislative policy that the children spend as much time with each of their parents as possible, when the parents are not living together. Therefore, in determining visitation of minor children on Guam with non-custodial parents living on Guam, the court shall, to the greatest degree possible, order visitation for minor children (*pendente lite* and permanently) with non-custodial parents such that the children spend more or less equal amounts of time with the custodial parent and the non-custodial parent during non-working, non-sleeping, non-school time.

19 GCA § 8404(h). Equally applicable to the Court's decision here are subsections (i) and (j). In relevant part they provide, that it is "legislative policy that children should not be exposed to

family violence" and that "the Court may award visitation or custody to a parent who committed family violence only if the Court finds that adequate provision for the safety of the child . . . can be made." *Id.* at (i) and (j). Subsection (k) further provides that "a finding that family violence has occurred since the last custody or visitation determination constitutes a finding of a change of circumstances." *Id* at (k).

In this case Defendant has not filed any paper or made any assertions in opposition to the Plaintiff's request. Moreover there is currently a temporary no contact order in place prohibiting Defendant any contact with the minor children. While a finding of family violence statutorily constitutes a change in circumstances different from those stipulated and ordered here one month previously, disconcerting to the Court is the Plaintiff's declaration that this not the first instance of potential improper discipline. Plaintiff's assertion both undermines the validity of a change in circumstances as well as the Plaintiff's ability to act in the children's best interest.

Accordingly the court is not persuaded that the facts asserted herein yet merit a finding awarding Plaintiff the permanent sole physical and legal custody of the minor children. It is however persuaded that the evidences merit a finding of temporary sole physical custody. Additionally the Court finds the above facts sufficient to merit the finding of material change in circumstances and the redetermination of appropriate child support pursuant to the applicable guidelines. 5 GCA § 34118 (2013).

## CONCLUSION

Based upon the foregoing, the Court grants in part Plaintiff's motion. As set forth above, Plaintiff shall be awarded the temporary sole physical and joint legal custody of the minor children. This temporary custody award shall apply for duration of six months or until the resolution of the criminal matter referred herein, whichever is longer. Plaintiff is further entitled to a redetermination of appropriate child support pursuant to the applicable guidelines.

Defendant shall continue as the joint legal custodian of the minor children and upon the lifting of the no contact order, shall be entitled to reasonable visitation with the minor children.

SO ORDERED, this _16_ day of _Oct_, 2014.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of:

A. Perez

Date: 10·16·14 Time: 5 PM

Deputy Clerk, Superior Court of Guam